# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 7774 | DATE | FEB 16 2011 |
| CASE TITLE | U.S. ex rel. Patrick Turner (#R-03191) vs. Austin Randolph, Jr. | | |

**DOCKET ENTRY TEXT:**

The successive petition for a writ of habeas corpus is dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3). The case is terminated. The petitioner's motions for appointment of counsel [#4] and to proceed *in forma pauperis* [#8] are denied as moot. A copy of Circuit Rule 22.2 is attached to this order.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

Patrick Turner, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his conviction for first degree murder on the grounds that: (1) his trial and appellate counsel were ineffective; (2) the trial court permitted a witness to perjure herself; and (3) the petitioner was effectively denied the right to present a defense. The petitioner has belatedly paid the statutory filing fee as directed. *See* Minute Order of December 14, 2010.

However, the court has reviewed the petition and finds that it must be dismissed for lack of jurisdiction. Under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petitioner must obtain prior leave from the court of appeals before the district court can consider a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). The petitioner in the case at bar has filed not one, but two, earlier habeas corpus petitions. *Turner v. Randolph*, Case No. 06 C 2277 (N.D. Ill.) was dismissed as time-barred by Minute Order of September 26, 2006 (Zagel, J.). A second habeas petition, *Turner v. Randolph*, Case No. 08 C 3551 (N.D. Ill.) was dismissed as successive by Minute Order of June 24, 2008 (Zagel, J.). The court expressly advised the petitioner in that case that he needed permission from the U.S. Court of Appeals for the Seventh Circuit to pursue further federal habeas review. The petitioner nevertheless initiated a third lawsuit without showing that the Court **(CONTINUED)**

mjm

of Appeals has granted him leave to file a second habeas corpus petition. The court therefore has no jurisdiction to consider the petitioner's renewed application for habeas corpus relief under § 2254. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *In re Page*, 170 F.3d 659 (7th Cir. 1999).

As an additional concern, the court notes that the petitioner made a material misrepresentation to the court. On page 4 of the court's habeas form, the petitioner was specifically asked whether he had filed any previous habeas petitions in federal court. He marked "No" and wrote in "N/A" where the information is elicited. The petitioner's fraud on the court forms an independent basis for "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

For the foregoing reasons, the court summarily dismisses the habeas corpus petition without prejudice to re-filing suit should the petitioner obtain leave to file from the Seventh Circuit Court of Appeals. The petitioner's motions for appointment of counsel and to proceed *in forma pauperis* are denied as moot. Attached to this order is a copy of Circuit Rule 22.2. Circuit Rule 22.2 explains the procedures the petitioner must follow to obtain leave from the Seventh Circuit Court of Appeals to file a second or successive habeas corpus petition.

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:
    (A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or
    (B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

    (b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, ling and service may be made under the terms of Fed. R. App. P. 4(c).

    (c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

    (d) The applicant may file a reply memorandum within 10 days of the response, after which the request will be submitted to a panel of the court for decision.

    (e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.